Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Ross Cornell, Esq. (SBN 210413)
**LAW OFFICES OF ROSS CORNELL, APC**
40729 Village Dr., Suite 8 - 1989
Big Bear Lake, CA 92315
Office: (562) 612-1708
Email: rc@rosscornelllaw.com

Attorneys for Plaintiff, Monica Dawkins

**SQUIRE PATTON BOGGS (US) LLP**
Yamili F. Gonzalez (State Bar # 327820)
yamili.gonzalez@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: +1 213 689 6540
Facsimile: +1 213 623 4581

Kristin L. Bryan (admitted pro hac vice)
kristin.bryan@squirepb.com
1120 Avenue of the Americas, 13th Floor
New York, NY 10036
Telephone:  +1 212 872 9800
Facsimile:  +1 212 872 9815

Attorneys for Defendant The Procter & Gamble Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA DAWKINS, on behalf of herself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio corporation,<br><br>Defendants. | Case No:  1:25-cv-01287-JLT-HBK<br><br>**JOINT SCHEDULING REPORT**<br><br>DATE: February 12, 2026<br><br>TIME: 11:00 a.m. |

### A. Brief Summary of Factual and Legal Contentions

**Joint Description of Action**

This is a putative class action on behalf of California residents who accessed and used www.ivory.com, a website operated by Defendant, alleging two violations of the California Invasion of Privacy Act, Penal Code §§ 631 and 638.51 ("CIPA") for Defendant's use of third-party tracking technologies on the website..

**Plaintiff's Factual and Legal Contentions**

Plaintiff contends that Procter & Gamble secretly installed and executed third-party tracking technologies on Ivory.com in violation of CIPA. Factually, she alleges that these trackers executed automatically upon page load, programmatically accessed the contents of users' ongoing communications with the website, including full human-readable URLs identifying the specific editorial and product content being viewed, and simultaneously captured dialing, routing, addressing, and signaling information associated with those communications, all without user awareness or interaction. Legally, Plaintiff asserts that this conduct violates California Penal Code § 638.51 because the trackers function as pen registers and trap and trace devices deployed without consent or court authorization, and § 631(a) because the trackers enabled third parties to read and learn the contents of users' communications while those communications were in transit, without the consent of any party. Plaintiff further alleges that Procter & Gamble is liable for unjust enrichment and for deceptive privacy representations that misled users about their control over personal data and the timing and scope of third-party disclosures.

The complaint alleges that the trackers transmit both routing, addressing, and signaling information and the contents of users' communications to third-party advertising and data broker partners, who use the information for identity resolution,

cross-site tracking, behavioral profiling, and targeted advertising for their own independent commercial gain. Plaintiff seeks statutory damages, injunctive relief, disgorgement, and other available remedies on behalf of herself and the class.

**Defendant's Factual and Legal Contentions**

Defendant disputes each and every allegation in the operative complaint, including the allegations that Plaintiff is entitled to any relief. Defendant has filed a motion to dismiss the first amended complaint (ECF No. 15) for failure to state a claim under Rule 12(b)(6), raising the legal issues that (A) the tracking technologies installed by the Website are neither pen registers nor trap and trace devices under Section 638.51 as a matter of law, and (B) the operators of the tracking technologies do not read the content of communications in transit. Defendant's current contentions include the following:

- The tracking technologies installed by the Website are neither pen registers nor trap and trace devices under Section 638.51 as a matter of law, because they are not used on telephonic communications and do not collect incoming address information or outgoing address information from Plaintiff's browser;
- The operators of the tracking technologies do not read the content of communications in transit as an element of Section 631 claim;
- Plaintiff consented to any tracking via the Privacy Policy on the Website; and
- Plaintiff cannot represent a class, and no class can be certified, of visitors to the Website.

**B. Discovery Plan**

**1. Date and Attendees**

The parties conducted the planning conference on January 27, 2025. Reuben D. Nathan for plaintiff, Kristin Bryan, and James Brennan for defendant attended the conference.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

3
JOINT SCHEDULING REPORT
1106553263\2\AMERICAS

| Action or Event | Date |
|---|---|
| Deadline for Mandatory Initial Disclosures. *See* Fed. R. Civ. P. 26(a)(1). | February 26, 2026 |
| Deadline to Join a Party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | June 11, 2026 |
| Mid-discovery Status Conference. *Should be scheduled mid-way through the discovery period.*<br><br>*Telephonic before Magistrate Judge Barch-Kuchta*<br><br>*Report is due at least 14 days before the telephonic conference. Parties must file a motion to cancel conference if not needed.* | Report Due:<br><br>October 23, 2026<br><br>Conference:<br><br>November 12, 2026 |
| Deadline for Non-Expert Discovery and Filing Motion to Compel. *See* Fed. R. Civ. P. 37.<br><br>(Case specific or 9 months from scheduling conference date) | April 27, 2027 |
| Plaintiff's Expert Disclosure Deadline. *See* Fed. R. Civ. P. 26(a)(2).<br><br>(Generally 30 days after non-expert discovery deadline) | May 25, 2027 |
| Defendant's Expert Disclosing Deadline.<br><br>(Generally the same date as Plaintiff or no more than 14 days after non-expert discovery deadline) | May 25, 2027 |
| Rebuttal Expert Disclosure Deadline.<br><br>(Generally 30 days after initial expert disclosure) | June 22, 2027 |
| Expert Discovery Deadline.<br><br>(Generally 30 days after rebuttal expert report) | July 20, 2027 2027 |
| Deadline for Moving for Class Certification (if applicable). *See* Fed. R. Civ. P. 23(c). | August 3, 2027, |
| Deadline for Dispositive Motion. *See* Fed. R. Civ. P. 56. | September 13, 2027 |
| Deadline to engage in settlement conference. *See* Local Rule 270, 271.<br><br>Private mediation | November 8, 2027 |
| Deadline for filing the joint final pretrial statement, any motions in limine, proposed jury instructions, and verdict form. *See* Local Rule 281. (Must be at least 14 days **before** the final pretrial conference.) | February 7, 2028 |

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); *See* Local Rule 282.<br><br>Judge Sherriff: (160 days after dispositive motion deadline) (The second or fourth Monday of the month—Tuesday if the Monday is a holiday—at 1:30 pm)<br><br>Judge Thurston: (160 days after dispositive motion deadline) (Mondays at 1:30 pm)<br><br>If consent, Judge Barch-Kuchta: (90 days after dispositive motion deadline) (Fridays at 9:00 am) | February 21, 2028 |
| Month, date, and year of the trial term.<br>(Generally, 6 weeks after pre-trial conference)<br>Judge Sherriff (Tuesdays at 8:30)<br>Judge Thurston (Tuesdays at 8:30)<br>Judge Barch-Kuchta (2 weeks after pretrial conference, Mondays at 8:30 am) | April 24, 2028 |

The trial will last approximately 7-10 days.  The trial will be a jury trial..

**3.     Disclosure Statement**

The parties will serve their respective initial disclosures on or before February 26, 2026.

**4.     Related Action**

The parties acknowledge their continuing duty under Local Rule 123 to notify the judge of a related action pending in the Eastern District or elsewhere by filing a Notice of a Related Action.

**5.     Consent to a Magistrate Judge**

The parties do not consent to use of a magistrate judge.

**6.     Discovery Practice**

The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 251.

**7.     Discovery Plan**

  A. The parties do not agree to the timing, form, or requirement for disclosures under Rule 26(a).

    a. <u>Plaintiff's position</u>: Discovery should not be phased. Plaintiff's position is set forth below under Section C. Plaintiff does not request changes to the form or disclosure requirements under Rule 26(a).

    b. <u>Defendant's position</u>: Discovery should be stayed pending the Court's ruling on Defendant's motion to dismiss (ECF No. 15) which remains before the Court and may resolve this case. No changes to the form or disclosure requirements under Rule 26(a) are necessary.

B. The Discovery may be needed on these subjects:

    a. Defendant's privacy and disclosure policies;

    b. archived copies of Defendant's website;

    c. Defendant's website source code and revision history;

    d. Cookie banners, pop-ups, and privacy notices displayed on the Website;

    e. Technical specifications, vendor agreements, and SDK/API documentation relating to trackers;

    f. Server communication logs and data audit trails;

    g. Internal marketing reports, advertising performance summaries, and A/B testing records;

    h. Records of consent mechanisms (e.g., opt-in records, cookie preference logs);

    i. Insurance coverage documents and claims correspondence (to the extent applicable);

    j. Relevant portions of the California Privacy Notice, Privacy Policy and Terms & Conditions;

    k. Whether this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23;

    l. Whether named Plaintiff is an appropriate representative for the putative class pursuant to Federal Rule of Civil Procedure 23;

    m. Plaintiff's expectations and/or consent to the alleged tracking tools on Defendant's website;

    n. Plaintiff's alleged communications with Defendant; and

    o. Whether named Plaintiff or the putative class is entitled to damages.

C. The parties' positions regarding phased discovery:

Plaintiff's position in opposing phased discovery:

The Federal Rules establish a presumption of broad, party-driven discovery, and any limitation must be justified by the party seeking the restriction, not imposed as a default in complex statutory litigation. Fed. R. Civ. P. 26(b)(1); *see also O'Connor v. Uber Techs., Inc.*, 2014 WL 5398295, at *2–4 (N.D. Cal. Nov. 6, 2014) (Ryu, M.J.) (declining to phase discovery between class and merits outside specific negotiated limits). Defendant bears a "heavy burden" to demonstrate that phasing is warranted, and generalized assertions of burden or complexity do not satisfy that standard.

Phased discovery is particularly inappropriate here because this action asserts two independent CIPA claims, under §§ 638.51 and 631(a), whose discovery needs are deeply intertwined and draw on the same core technical evidence. The § 638.51 claim requires discovery into what dialing, routing, addressing, and signaling information the Trackers capture, how that information is transmitted to third-party servers, and whether Defendant obtained consent or a court order. The § 631(a) claim requires discovery into the specific data elements the Trackers access from the browser environment, including whether full human-readable URLs, page titles, and referrer headers revealing the substance of users' communications are programmatically read and transmitted to third-party infrastructure while those communications remain in transit. And Defendant's independent liability under § 631(a)'s aiding, agreeing, employing, and conspiring clause requires discovery into Defendant's role in selecting, configuring, and enabling the Trackers; the contractual arrangements governing the Third Parties' receipt and use of intercepted communications; and whether the Third Parties used the contents of those communications for their own independent commercial purposes, including behavioral classification, interest-based profiling, and real-time bidding.

All of this evidence is exclusively within Defendant's possession and control, and it bears on every contested issue in the case. The same tracker configuration files, JavaScript deployment records, and tag management settings that show what data is captured are relevant to the § 638.51 statutory definition and to the § 631(a) content-interception theory. The same vendor contracts and data-sharing agreements that reflect the Third Parties' independent use of captured data bear

on the § 631(a) aiding and conspiring theory and on class-wide commonality, typicality, and predominance. The same technical logs documenting actual data transmissions bear on whether the information transmitted constitutes non-content routing data under § 638.50(b)-(c) or content-bearing data under § 631(a) and 18 U.S.C. § 2510(8), which is the central legal question on which both claims turn in the alternative.

Bifurcation would be both inefficient and prejudicial. The § 631(a) claim in particular requires discovery into the Third Parties' comprehension and use of transmitted data to establish that the interception went beyond passive receipt of routing information and constituted affirmative reading of communication contents. Evidence of how Google's advertising infrastructure classifies users based on the semantic content of transmitted URLs, how Meta processes page-level data received through the Facebook Pixel for audience construction, and how The Trade Desk incorporates referrer context into its demand-side bidding platform is essential to the § 631(a) claim and cannot be deferred without prejudicing Plaintiff's ability to oppose dispositive motions and demonstrate that liability is susceptible to class-wide proof. *See Adamov v. PricewaterhouseCoopers LLP*, No. 2:13-cv-01222-TLN-AC, 2017 WL 6558133, at *3 (E.D. Cal. Dec. 22, 2017) (plaintiffs entitled at the pre-certification stage to discovery bearing on common questions, typicality, and the representative's ability to represent the class).

Phasing also risks premature dispositive motions on an incomplete record. Defendant challenges the statutory classification of its tracking technologies under § 638.51 while simultaneously contesting that any "contents" were intercepted under § 631(a). Plaintiff cannot fairly respond to these overlapping defenses without integrated access to the full technical record. A motion arguing that URLs are not "contents" under *Zynga* cannot be evaluated, and Plaintiff cannot oppose it, without discovery into what URL structures and page titles were transmitted, how the Third Parties processed that information, and whether those Third Parties extracted semantic meaning from the data for commercial purposes. Forcing Plaintiff to litigate a narrowed first phase without this evidence would effectively permit Defendant to obtain merits rulings before Plaintiff has developed the factual record on which both claims depend. Because the same technical evidence bears simultaneously on § 638.51 statutory coverage, § 631(a) content interception, consent and authorization defenses, and class certification, sequencing access to this evidence in phases serves no proportionality interest and would require the parties and the

Court to revisit the same document categories and custodians in successive rounds. Plaintiff respectfully submits that discovery should proceed on a single, integrated track.

<u>Defendant's position in support of phased discovery</u>:

Discovery should be bifurcated such that for the first 30 days of discovery (which Defendant maintains should commence after the Court's ruling on the pending motion to dismiss), the only discovery permitted will be discovery specific to the Plaintiff's alleged visit(s) to the Website, including the date of such visit(s), Plaintiff's reason for visit(s) to the Website, Plaintiff's expectations of privacy, Plaintiff's understanding of the Website's Privacy Policy, and Plaintiff's alleged body odor concerns.  Upon the completion of the first phase of discovery, discovery could be had on subjects applicable to other visitors of the Website, including numerosity for class certification and the functioning of alleged Trackers.

This bifurcation of discovery would most efficiently allow the parties to assess the strength of the case on defenses and claims unique to Plaintiff.  Without bifurcation, it is possible that the Parties expend resources into discovery on issues which are made moot by late-learned discovery regarding Plaintiff.

D. The parties have discussed and agreed to disclosure, discovery, and preservation of electronically stored information.

E. The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties do not intent to change limitations on discovery imposed under the Federal Rules of Civil Procedure and the Court's Local Rules or other limitations:

G. The parties do anticipate the need for a Protective Order under Federal Rule of Civil Procedure 26(c) and Local Rule 141.1

**8. Certification of familiarity with the Local Rules**

The parties certify that they have read and are familiar with the Court's Local Rules.

**9. Signatures**

Dated: February 5, 2026   **NATHAN & ASSOCIATES, APC**

By: /s/ Reuben D. Nathan
    Reuben D. Nathan
    *Attorneys for Plaintiff Monica Dawkins*

Dated: February 5, 2026   **SQUIRE PATTON BOGGS (US) LLP**

By: /s/ Kristin L. Bryan (as authorized on 2/5/26)
    Yamili F. Gonzalez
    Kristin L. Bryan
    *Attorneys for Defendant The Procter & Gamble Company*