1  **SQUIRE PATTON BOGGS (US) LLP**
   Yamili F. Gonzalez (State Bar # 327820)
2  yamili.gonzalez@squirepb.com
   555 South Flower Street, 31st Floor
3  Los Angeles, CA 90071
   Telephone:     +1 213 689 6540
4  Facsimile:     +1 213 623 4581

5  Kristin L. Bryan (admitted *pro hac vice*)
   kristin.bryan@squirepb.com
6  1120 Avenue of the Americas, 13th Floor
   New York, NY 10036
7  Telephone:  +1 212 872 9800
   Facsimile:  +1 212 872 9815

8
   *Attorneys for Defendant The Procter & Gamble*
9  *Company*

10              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**

11  MONICA DAWKINS,                          Case No. 1:25-cv-01287-JLT-HBK

12              Plaintiff,                    **DEFENDANT THE PROCTER &**
                                             **GAMBLE COMPANY'S REPLY**
13        v.                                  **IN SUPPORT OF MOTION TO DISMISS**
                                             **FIRST AMENDED COMPLAINT**
14  THE PROCTER & GAMBLE COMPANY,

15              Defendant.
                                             Judge:       Hon. Jennifer L. Thurston
16

17

18

19

20

21

22

23

24

25

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................ iii

I.      Introduction........................................................................................................1

II.     Argument ............................................................................................................3

        A.      Plaintiff's Section 638.51 Claim Should Be Dismissed With Prejudice
                Because The Tracking Technologies Are Not Pen Register Nor Trap And
                Trace Devices..........................................................................................3

                1.      The Tracking Technologies Are Not Pen Registers Nor Trap And
                        Trace Devices Because They Allegedly Collect Information About
                        Plaintiff's Own Communications With P&G. ...............................3

                2.      Section 638.51 Applies Only To Telephonic Wire Or Electronic
                        Communications. ..........................................................................5

        B.      The Section 631 Claim Should Be Dismissed With Prejudice Because No
                Third Party Read The Contents Of A Communication In Transit. ...........6

                1.      Plaintiff Expressly Disclaims That Any Third Party Intercepted The
                        Contents Of A Communication. ....................................................7

                2.      Plaintiff Does Not And Cannot Plausibly Allege That Any Third
                        Party Read The Content Of A Communication In Transit. ...........8

III.    Conclusion ..........................................................................................................9

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS FAC
1:25-cv-01287-JLT-HBK

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-cv-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ...................................2, 8

5

*Evans v. Skolnik*,
997 F.3d 1060 (9th Cir. 2021) .......................................................................................5

6

*Heiting v. HP Inc.*,
No. 24STCV29634, 2025 WL 2993673 (Cal. Super. Ct., L.A. Cnty., Aug. 1,
2025) ...............................................................................................................................4

7

8

*Javier v. Assurance IQ, LLC*,
No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022).........................................5

9

*Jones v. Tonal Sys.*,
751 F.Supp.3d at 1037–38 ...........................................................................................7

10

*Jones v. Tonal Sys., Inc.*,
751 F.Supp.3d 1025 (S.D. Cal. 2024) .........................................................................6

11

12

*MGM Grand Hotel, Inc. v. Imperial Glass Co.*,
533 F.2d 486 (9th Cir. 1976) .......................................................................................5

13

*Palacios v. Fandom, Inc.*,
No. 24STCV11264, 2024 WL 5494527 (Cal. Super. Ct., L.A. Cnty. Sept. 24,
2024) .......................................................................................................................1, 4, 5

14

15

*R.C. v. Sussex Publishers, LLC*,
No. 24-cv-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025)..........................9

16

17

*Scharon v. Paramount Global*,
No. 25STCV10585, 2025 WL 2996812 (Cal. Super. Ct., L.A. Cnty. Oct. 03,
2025) .......................................................................................................................2, 5, 6

18

19

*Sram Corp. v. Shimano, Inc.*,
25 F. App'x 626 (9th Cir. 2002) ..................................................................................5

20

*United States Medical Instruments v. CFS North America*,
No. 13-cv-00349, 2013 WL 6055387 (S.D. Cal. Nov. 13, 2013)................................7

21

22

*Williams v. DDR Media, LLC*,
757 F.Supp.3d 989 (N.D. Cal. 2024) ..........................................................................8

23

24

25

**Statutes**

Cal. Penal Code § 631................................................................................................. *passim*

Cal. Penal Code § 638.50..............................................................................................3

Cal. Penal Code § 638.51............................................................................................. *passim*

Cal. Penal Code § 638.52(d)(1)....................................................................................6

**Court Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................2, 9

## I.  **<u>INTRODUCTION</u>**

P&G's Motion ("Mot.") established that both of Plaintiff's claims, for violation of Section 638.51 and Section 631, should be dismissed, respectively, because (1) the Tracking Technologies on the Website are not pen registers nor trap and trace devices under California law, *see* Mot at 8–16, and (2) the FAC does not contain allegations that any third party attempted to read the contents of a communication in transit with the Tracking Technologies, *see* Mot. at 17–22.  Nothing in Plaintiff's Opposition ("Opp.") dispels these conclusions.

Instead, Plaintiff attempts to walk back express allegations of her FAC and abandons previous legal arguments about the operations of the Tracking Technologies.  Plaintiff's unpleaded assertions and shifting theories do not change that Plaintiff is seeking to impose liability on P&G under Section 638.51 and Section 631 for allegedly collecting information about Plaintiff's communication **to P&G—**namely **the pages on P&G's own website**—and then disclosing that information to the operators of the Tracking Technologies.  California law does not allow such a result.  As explained in P&G's Motion and for the reasons set forth below, this Court should reject Plaintiff's attempt to impose liability for routine website visits and dismiss both claims of the FAC.

Plaintiff's Section 638.51 claim (Count I) should be dismissed because the Tracking Technologies as alleged are neither pen registers nor trap and trace devices under California law. By statutory definition, the Tracking Technologies are not pen register or trap and trace devices for at least two independent and sufficient reasons.  ***First***, Section 638.51 plainly does not prohibit a party from using a device that only collects information about where it is installed—as California courts have so recognized.  *See Palacios v. Fandom, Inc.*, No. 24STCV11264, 2024 WL 5494527, at *3 (Cal. Super. Ct., L.A. Cnty. Sept. 24, 2024) (sustaining demurrer to Section 638.51 claim because information collected by alleged technology was "computer's own IP address").  Here, Plaintiff's alleges that the Tracking Technology is installed on P&G's Website and collects P&G's

own address information, its URLs.  **Second**, as the text of the statute makes clear, Section 638.51 only applies to telephonic communications.  *See, e.g.*, *Scharon v. Paramount Global*, No. 25STCV10585, 2025 WL 2996812, at *1, 3 (Cal. Super. Ct., L.A. Cnty. Oct. 03, 2025) (sustaining demurrer without leave to amend because "section 638.51 applies to telephone lines, not websites").  Plaintiff's response to these statements of California law is to deliberately ignore them as "non-binding" decisions of state courts, and instead point to non-binding federal district court decisions.  That is precisely the opposite of how our federalism works.

Plaintiff's Section 631 claim (Count II) should also be dismissed for two independent and sufficient reasons.  **First**, Plaintiff does not plausibly allege that the "contents" of her communications were intercepted by any operator of a Tracking Technology.  In fact, Plaintiff repeatedly expressly disclaims this element, and asserts that "Plaintiff does not allege interception of the contents of her communications."  FAC ¶ 153.  Plaintiff's argument that this is not a judicial admission because it is a legal conclusion is without any support.  **Second**, even if the Tracking Technology operators received the "content" of a communication, Plaintiff makes no plausible allegation that any third party attempted to read such content while it was in transit.  Merely receiving the content and later analyzing it is not enough to state a Section 631 claim.  *See, e.g.*, *Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561-VC, 2025 WL 2971090, at *6-7 (N.D. Cal. Oct. 17, 2025) (granting summary judgment for defendant on Section 631 claim because no evidence third party attempted to learn communications while in transit).  Plaintiff's Opposition points to no such allegation, instead point to generic allegations about real-time bidding that never describe when Tracking Technologies ever attempt to learn the contents of URL communications.

For these reasons and as explained more fully below, the Court should dismiss the entirety of the FAC with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.    ARGUMENT

### A.    Plaintiff's Section 638.51 Claim Should Be Dismissed With Prejudice Because The Tracking Technologies Are Not Pen Register Nor Trap And Trace Devices.

As established in the Motion, Plaintiff's Section 638.51 claim should be dismissed because the Tracking Technologies as alleged do not meet the statutory definition for either a pen register or a trap and trace device. *See* Mot. at 8–16; Cal. Penal Code § 638.50. The Tracking Technologies do not meet at least two elements of the definitions, either one of which is fatal to Plaintiff's claim: **(1)** the Tracking Technologies do not collect origin address information for incoming communications or destination address information for outgoing communications; and **(2)** pen registers and trap and trace devices are applicable only to telephonic communications, not internet browsing.

#### 1.    The Tracking Technologies Are Not Pen Registers Nor Trap And Trace Devices Because They Allegedly Collect Information About Plaintiff's Own Communications With P&G.

As described in the Motion, Plaintiff inconsistently alleged that (1) the Tracking Technologies were installed on her device and (2) they were installed on P&G's own Website. *See* Mot. at 12 (citing FAC ¶¶ 2, 76). In her Opposition, Plaintiff disclaims as a "false premise" that the Tracking Technologies were installed on her device and collected information about her device. Opp. at 17. Instead, Plaintiff now argues that the Tracking Technologies are pen registers—and not trap and trace devices—because they collect the destination of Plaintiff's communications, *i.e.* the URLs she visited. *See* Opp. at 18–19 ("A pen register . . . That is precisely what the FAC alleges.").

The flaw in Plaintiff's argument remains, however, that California law is clear that a device which collects the address of where it is installed (here, ivory.com), is not a pen register. P&G's Motion established that, under California law, a person cannot be liable under Section 638.51 for

1    installing a device on their own phone that collects (1) where the device was installed and (2) the

2    address information of who contacts their own phone. *See* Mot. at  12–13 (citing, *inter alia*,

3    *Heiting v. HP Inc.*, No. 24STCV29634, 2025 WL 2993673, at *4 (Cal. Super. Ct., L.A. Cnty.,

4    Aug. 1, 2025)).  Moreover, Section 638.51 does not prohibit a defendant collecting "information

5    that passes between plaintiff and defendant when plaintiff contacts the defendant." *Heiting*, 2025

6    WL 2993673, at *4.  Plaintiff's Opposition disputes none of these legal conclusions, instead

7    contending that they prove her point. *See generally* Opp. at 17–19.[1]

8         Plaintiff is seeking to hold P&G liable for collecting the destination "address information"

9    of **P&G's own website** with Tracking Technologies installed on that same website. *See* Opp. at

10   18–19.  The only "destination" information which Plaintiff identifies is ivory.com URLs. *See,*

11   *e.g.*, Opp. at 19 ("Each time Plaintiff's browser requested a specific ivory.com URL, it 'dialed'

12   that address.").  The undisputed California caselaw is clear that a device which collects the

13   information on which it is installed, and collects information between Plaintiff and Defendant, is

14   not a pen register. *See* Opp. at 13 (collecting cases dismissing under this theory); *Palacios v.*

15   *Fandom, Inc.*, No. 24STCV11264, 2024 WL 5494527, at *3 (Cal. Super. Sept. 24, 2024)

16   (sustaining demurrer because pen register does not collect the computer's own address).

17        Because Plaintiff alleges that the Tracking Technologies are installed on the Website and

18   collect destination information about the Website's own URLs, the Tracking Technologies are not

19

20

---

21   [1] Plaintiff suggests that P&G's Motion exclusively "focus[es] on a single statutory category (addressing information)" whereas the definition of pen register uses the phrase "dialing, routing, addressing, or
22   signaling information." *See* Opp. at 17–18.  The bracketed references in the Motion to "[address] information" were for readability, and none of the arguments in the Motion depend on whether the
23   information Plaintiff alleges is "address" information or "dialing" information, et cetera.  Plaintiff also does not provide any caselaw placing independent significance on any of these four words, and Plaintiff
24   inconsistently uses them. *Compare, e.g.*, Opp. at 16 (describing the URLs Plaintiff visited as "dialing information") *with* Opp. at 4 (describing URLs as "addressing information").

pen registers or trap and trace devices as a matter of law and should be dismissed.  *See, e.g.*, *Palacios*, 2024 WL 5494527, at *3.

### 2. Section 638.51 Applies Only To Telephonic Wire Or Electronic Communications.

As established in the Motion, Plaintiff's Section 638.51 claim should be dismissed for the independent and sufficient reason that the language of Cal. Penal Code §§ 638.50–.53 demonstrates that Section 638.51 is applicable only to telephonic communications.  *See* Mot. 14–16.  Numerous California state court decisions have held that Section 638.51 is applicable only to telephonic communications.  *See id.* (citing, *inter alia*, *Scharon v. Paramount Global*, No. 25STCV10585, 2025 WL 2996812, at *1 (Cal. Super. Ct., L.A. Cnty. Oct. 03, 2025)).

Plaintiff's Opposition addresses none of the reasoning of the California state court decisions, instead deriding these decisions as "nonbinding" and "trial-level decisions with no precedential force."  Opp. at 23.  But of course, federal district court decisions are also not binding on this Court.  *See, e.g.*, *Evans v. Skolnik*, 997 F.3d 1060, 1067 (9th Cir. 2021) ("[A] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").  And moreover, "[t]he task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum."  *Sram Corp. v. Shimano, Inc.*, 25 F. App'x 626, 628 (9th Cir. 2002); *see also MGM Grand Hotel, Inc. v. Imperial Glass Co.*, 533 F.2d 486, 489 & n.6 (9th Cir. 1976) (state trial court interpretation of statute persuasive even after contrary federal district decision on appeal).

Plaintiff contends that the Ninth Circuit's unpublished, non-precedential decision, in *Javier v. Assurance IQ, LLC,* No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022), that Section *631* applies to internet communications should "apply with equal force" to Section 638.51 claims because both use the term "wire or electronic communications."  Opp. at  22.  Comparing the two

statutes, however, reveals sharp differences. Section 638.51 and its surrounding sections are replete with references to *telephonic* wire or electronic communications that would render the statute non-sensical if applied to non-telephonic communications. *See* Mot. at 14 (citing, *inter alia*, Cal. Penal Code § 638.52(d)(1)). Section 631, however, expressly applies not only to messages over "any telegraph or telephone wire" but also "any wire, line, or cable" without any telephonic limitation. Cal. Penal Code § 631(a).

Plaintiff argues that reading Section 638.51 to exclude non-telephonic communications would "undercuts CIPA's privacy protective purpose." Opp. at 6. As established in P&G's Motion, however, the purpose of Section 638.51 was to *allow* law enforcement to install pen registers and trap and trace devices on phone lines. *See* Mot. at 14–15. The Legislature enacted specific text which balanced privacy considerations with other needs. There is no broad "privacy protective purpose" that can override the best interpretation of the statute.

Here, Plaintiff alleges the existence of electronic communications in her web browsing. But Plaintiff does not allege *telephonic* electronic communications. Because Section 638.51 does not apply to web browsing, Plaintiff's claim should be dismissed. *See, e.g.*, *Scharon*, 2025 WL 2996812, at *1 (dismissing Section 638.51 claim with prejudice because statute inapplicable to web browsing).

**B.    The Section 631 Claim Should Be Dismissed With Prejudice Because No Third Party Read The Contents Of A Communication In Transit.**

As established in the Motion and not challenged in the Opposition, a Section 631 claim must be dismissed if the Plaintiff does not allege the interception of communication contents. *See* Mot. at 17 (citing *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025, 1037 (S.D. Cal. 2024)); *see generally* Opp. Plaintiff's Section 631 claim should be dismissed for two independent and sufficient reasons. *First*, Plaintiff expressly disclaims that any third party intercepted the contents of a communication. *See also* Mot. at 17–20. *Second*, Plaintiff does not and cannot plausibly

allege that any third party attempted to read the contents of a communication in transit. *See also* Mot. at 20–22.

### 1. Plaintiff Expressly Disclaims That Any Third Party Intercepted The Contents Of A Communication.

At Paragraph 153 of the FAC, "Plaintiff *does not allege* interception of the contents of her communications." FAC ¶ 153 (emphasis supplied). Other paragraphs of the FAC similarly allege that URLs are "non-content signaling information." *See* FAC ¶¶ 230, 244, 257. Plaintiff incorporated those allegations into her Section 631 claim. *See* FAC ¶ 274. In Opposition, Plaintiff concedes that she "did not delineate which characterizations [of URLs as content] pertain to which statute, and the incorporation clause at ¶ 274 swept both into the § 631 cause of action." Opp. at 6. Nevertheless, Plaintiff now argues that URLs are content information allegedly intercepted. *Id.*

As established in the Motion, Plaintiff's incorporation of allegations that content was not intercepted is a judicial admission which defeats her Section 631 claim. *See* Mot. at 17–20. In opposition, Plaintiff argues that her own allegations are not judicial admissions because they were merely legal conclusions that courts are not bound to accept. Opp. at 5. But Plaintiff provides no support for the proposition that legal conclusions cannot be judicial admissions. *See generally id.* And caselaw does not support such a proposition. In *United States Medical Instruments v. CFS North America*, for example, the court dismissed a claim for "money had and received" because the plaintiff incorporated an allegation that there was an enforceable contract between plaintiff and defendant. No. 13-cv-00349, 2013 WL 6055387, at *9 (S.D. Cal. Nov. 13, 2013). The enforceability of a contract is a paradigm example of a legal conclusion.

Because Plaintiff expressly disclaimed that any third party intercepted the contents of a communications, Plaintiff's Section 631 claim should be dismissed. *See* Mot. at 17–20; *Jones v. Tonal Sys.*, 751 F.Supp.3d at 1037–38 (dismissing Section 631 claim).

**2.    Plaintiff Does Not And Cannot Plausibly Allege That Any Third Party Read The Content Of A Communication In Transit.**

P&G and Plaintiff agree that, in order to establish a Section 631 violation, Plaintiff must plausibly allege that a third party put in "some effort at understanding the substantive meaning of the message, report or communication" while it was in transit.  Opp. at 9 (quoting *Williams v. DDR Media, LLC*, 757 F.Supp.3d 989, 995 (N.D. Cal. 2024)); *see* Mot. at 20–22.

In her Opposition, Plaintiff contends that the FAC plausibly makes such allegations because the operators of the Tracking Technologies "participat[e] in real-time bidding at scale." Opp. at 10 (citing FAC ¶¶ 103–104, 119–132, 142, 145, 186, 202).  According to Plaintiff's Opposition, such allegations "support the inference" that the operators would need to learn the content of URLs, because "a system bidding to show Plaintiff deodorant advertisements must comprehend that she was viewing deodorant-related content."  Opp. at 12 (not citing FAC).

Plaintiff's hand-waving towards general allegations about "real-time" bidding are unavailing, because the FAC does not contain a single allegation about when, if at all, the operators of the Tracking Technologies—Meta, Google, and Tapad—attempt to understand the substantive meaning of the URLs that Plaintiff visited.  The most Plaintiff alleges is that Meta, Google, and Tapad eventually receive "page URLs" which "enabled those companies to add 'body odor concerns' to Plaintiff's behavioral profile."  FAC ¶ 186.  There is no allegation that the addition of "body odor concerns to Plaintiff's behavior profile" happens simultaneous with Plaintiff's visit to the Website.  Indeed, Plaintiff's pleading explains that the assembly of a behavioral profile happens separate from real-time bidding through a cookie-syncing process.  *See* FAC ¶ 140.

Because Plaintiff has not plausibly alleged that any third party attempted to read the contents of any communication while in transit, Plaintiff has failed to plead a violation of Section 631(a) clause 2.  *See Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561-VC, 2025 WL 2971090, at *6 (N.D. Cal. Oct. 17, 2025).  Without any surviving allegations of an underlying

1  violation, Plaintiff's aiding-and-abetting claim against P&G should be dismissed with prejudice.

2  *See R.C. v. Sussex Publishers, LLC*, No. 24-cv-02609-JSC, 2025 WL 948060, at *7 (N.D. Cal.

3  Mar. 28, 2025) (dismissing Section 631 aiding-and-abetting claim).

4  **III.    CONCLUSION**

5       For the foregoing reasons, Defendant respectfully requests that the Court dismiss the

6  entirety of the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure

7  to state a claim.

8

9  Dated: February 11, 2026                    **SQUIRE PATTON BOGGS (US) LLP**
                                                By: */s/ Kristin L. Bryan*
10                                                  Kristin L. Bryan

11                                              *Attorney for Defendant The Procter & Gamble*
                                                *Company*
12

13

14

15

16

17

18

19

20

21

22

23

24

25